# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NICHOLAS SINDICICH,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:14-cv-889-Orl-37KRS**

**AMICA MUTUAL INSURANCE COMPANY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION OF DEFENDANT, AMICA MUTUAL INSURANCE COMPANY, TO TAX ATTORNEY'S FEES PURSUANT TO FLORIDA STATUTE SECTION 768.79 AGAINST PLAINTIFF (Doc. No. 71)** |
| **FILED:** | **November 30, 2015** |

**I.   PROCEDURAL HISTORY**.

On March 14, 2014, Plaintiff Nicholas Sindicich, through his attorney Aaryn Fuller, Esq., electronically filed a complaint in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida against Defendant Amica Mutual Insurance Company.[1]   He alleged that he was

---

[1] Rule 2.516(b)(1), Florida Rules of Judicial Administration, requires that all documents permitted or required to be served must be served by email, unless the parties otherwise stipulate or the rule otherwise provides.  In accordance with this rule, Attorney Fuller designated the following email addresses at which she would receive email service of documents in this case:   afuller@boginmunns.com; bmmservice@boginmunns.com; and, mkpaasch@boginmunns.com.  Doc. No. 2, at 2.

injured during a motor vehicle collision, that the driver of the vehicle that struck the vehicle in which he was riding was negligent, and that he suffered damages as a result of the collision that exceeded the insurance liability limits of the negligent driver. Plaintiff asserted that Defendant breached a contract of automobile insurance it issued to him by failing to pay him uninsured/underinsured motorist coverage under that policy. Doc. No. 2.

Defendant appeared and answered the complaint on April 14, 2014. Doc. No. 4. On June 9, 2014, Defendant removed the case to this Court based on diversity of citizenship.[2] Doc. No. 1.

On September 2, 2014, the Court entered a Case Management and Scheduling Order setting the case on the October 5, 2015 trial term. Doc. No. 19, at 2. The Court ordered the parties to engage in mediation on or before May 1, 2015. *Id.* Subsequently, the Court set the case for a jury trial to begin on October 20, 2015. Doc. No. 39.

Counsel and the parties participated in mediation on April 14, 2015, but they were unable to resolve the dispute. Doc. No. 22. During the mediation, Attorney Fuller advised Brian Stokes, Esq., one of Defendant's attorneys, through the mediator that she would be leaving the law firm of Bogin, Munns & Munns to operate her own law firm to be known as The People's Law Practice, Inc. Aff. of Brian Stokes, Esq., Doc. No. 78 ¶ 3. Attorney Stokes attests that he was not provided with any contact information for the new law firm or told when Attorney Fuller intended to leave Bogin, Munns & Munns. *See id.* ¶¶ 3, 5; Second Aff. of Brian Stokes, Esq.,

---

[2] The Notice of Removal states that Defendant served a request asking Plaintiff to admit that he was seeking more than $75,000 in damages. Plaintiff responded on June 1, 2014, stating that he could not admit or deny the request because he continued to receive medical treatment and to recuperate from surgery. Doc. No. 1, at 5 n.1. Defendant first ascertained that the case was removable based on the response to the request for admission, and it timely removed the case within thirty days thereafter. *Id.* In the Amended and Revised Joint Final Pretrial Statement, Plaintiff sought damages well in excess of $75,000. Doc. No. 41, at 7.

Doc. No. 82 ¶ 2.[3]   Attorney Fuller avers that she provided Attorney Stokes some (albeit unidentified) contact information at The People's Law Practice, Inc. at the mediation, but she does not attest that she notified Attorney Stokes of the date that she was changing law firms.[4]   Aff. of Aaryn Fuller, Esq., Doc. No. 80 ¶ 19.

On May 27, 2015, Defendant filed Defendant's Notice of Service of Proposal for Settlement to Plaintiff, pursuant to section 768.79, Florida Statutes.   Doc. No. 23 (the "Notice"). The certificate of service reflects that the Notice was sent by email to afuller@boginmunns.com, bmmservice@boginmunns.com, and mkpaasch@boginmunns.com.   *Id.*   Additionally, the Court provided a copy of the Notice to Attorney Fuller at her CM/ECF email addresses of record: AFULLER@boginmunns.com[5] and mkpaasch@gmail.com.[6]   Doc. No. 23, Notice of Electronic Filing ("NEF").[7]   Defendant also sent a copy of Defendant's Proposal for Settlement, in the

---

[3] Attorney Stokes avers that he ended his employment at Wicker, Smith, O'Hara, McCoy & Ford, P.A. in April 2012.   Doc. No. 82, at 2.   Therefore, he was not aware of information about Attorney Fuller's new contact information that she attests was known to an attorney in that firm.   *See* Aff. of Aaryn Fuller, Esq., Doc. No. 80 ¶ 16.

[4] In a sworn statement filed in this case in response to my order, Attorney Fuller attests that she last worked at Bogin, Munns & Munns on April 17, 2015. Doc. No. 80 ¶ 21.

[5] In the sworn statement filed pursuant to my order, Attorney Fuller avers that April 19, 2015, was the last date on which she had unfettered access to emails sent to afuller@boginmunns.com.   Doc. No. 80 ¶ 23.   She declares that while the afuller@boginmunns.com email address still receives email, the email is monitored by Bogin, Munns & Munns and individuals at that law firm determine which emails to forward to Attorney Fuller.   *Id.* ¶ 24.   Based on this evidence, there is no reason to believe that emails Attorney Stokes sent to Attorney Fuller at Bogin, Munns & Munns were returned to him as undeliverable or that he was otherwise aware that she did not receive these emails.

[6] It appears from the record that M.K. Paasch was Attorney Fuller's legal assistant at Bogin, Munns & Munns and that Paasch continued to be Attorney Fuller's legal assistant at The People's Law Practice, Inc. *See* Doc. No. 71-1, at 18 (email to afuller@peopleslawpractice.com and mkpaasch@peopleslawpractice.com).   Attorney Fuller has not addressed whether Paasch received a copy of the Notice on May 27, 2015 via CM/ECF at mkpaasch@gmail.com. *See* Doc. No. 23, NEF (showing service of the document on afuller@boginmunns.com and mkpaasch@gmail.com).   If the Court wishes the record to be further developed, I will schedule an evidentiary hearing to determine whether (1) Paasch received the Notice on May 27, 2015, and (2) Paasch advised Attorney Fuller of the filing of the Notice.

[7] When a document is filed electronically, CM/ECF automatically emails an NEF to all E-filers who are of record in the case.   Administrative Procedures for Electronic Filing at 5,

amount of $29,000, and the proposed Settlement Agreement to the three email addresses at boginmunns.com that Attorney Fuller originally designated as the addresses at which she would receive service by email in this case.  Doc. No. 71-1, at 6 (respectively, the "Proposal for Settlement" and "Settlement Agreement").

On June 4, 2015, Attorney Fuller filed a Stipulated Motion for Substitution of Counsel listing her new affiliation with The People's Law Practice, Inc., including the street address and two email addresses: afuller@peopleslawpractice.com and scheduling@peopleslawpractice.com. Doc. No. 24.  The records of the Clerk of Court reflect that, on June 4, 2015, Attorney Fuller requested a change in her physical mailing address from Bogin, Munns & Munns to The People's Law Practice Inc., 618 E. South Street, Suite 500, Orlando, Florida 32801.  Attorney Fuller did not, however, immediately change her email addresses of record in CM/ECF.  *Id.*, NEF; Doc. No. 25, NEF.  Rather, the Court's docket reflects that Attorney Fuller first changed her email address of record in CM/ECF from afuller@boginmunns.com to afuller@peoplelawpractice.com sometime after June 5, 2015 and before August 21, 2015.  Doc. No. 25, NEF; Doc. No. 26, NEF.

Attorney Fuller avers that she did not receive the Proposal for Settlement and Settlement Agreement until June 26, 2015, when Bogin, Munns & Munns forwarded to her a scanned copy of a letter from Attorney Stokes dated June 22, 2015, which contained the May 27, 2015 Proposal for Settlement.  Doc. No. 80 ¶ 26.  Although the June 22, 2015 letter also indicated that it was served on Attorney Fuller by email at afuller@peoplelawpractice.com, Attorney Fuller attests that she has no record of receiving that email.  *Id.* ¶¶ 26, 28.  She declares that June 26, 2015, was the first notice she had of the Proposal for Settlement.  *Id.* ¶ 27.

---

http://www.flmd.uscourts.gov/CMECF/CM-ECF_ADMINISTRATIVE_PROCEDURES_6-5-2015.pdf (last visited Jan. 28, 2016).

Notably, the Proposal for Settlement could still have been accepted on June 26, 2015, which was the thirtieth day after May 27, 2015, the date in the original certificate of service of the Proposal for Settlement. Attorney Fuller does not aver that she asked Attorney Stokes for an enlargement of time to respond to the Proposal for Settlement. Attorney Fuller also did not file a motion for an enlargement of time to respond to the Proposal for Settlement. Finally, Attorney Fuller did not accept the Proposal for Settlement within thirty days from May 27, 2015, the date of the original certificate of service.[8]

The case proceeded to a jury trial beginning on October 20, 2015. Doc. No. 55. The jury returned a verdict awarding Plaintiff $1,041.20 in medical expenses. Doc. No. 63. In response to Defendant's motion for a final judgment in its favor based on Plaintiff's settlement with the alleged tortfeasor in the amount of $10,000, Doc. No. 66, the Court directed that a judgment be entered in favor of Defendant and against Plaintiff, Doc. No. 69. Judgment was entered on November 24, 2015. Doc. No. 70.

Defendant filed a proposed Bill of Costs on November 30, 2015. Doc. No. 74. The requested costs were taxed by the Clerk of Court without objection by Plaintiff on December 16, 2015. Doc. No. 74.

Defendant now seeks an award of attorney's fees incurred from May 27, 2015, the date of service of the Proposal for Settlement. Plaintiff opposes the relief requested. Doc. No. 73. With leave of Court, Defendant filed a reply to Plaintiff's response. Doc. No. 78. By order of the Court, both parties filed supplemental memoranda.[9] Doc. Nos. 82, 84, 85.

---

[8] As the Court is aware, this is not the first instance in which Attorney Fuller has not complied with deadlines and other time requirements in this case. *See* Doc. Nos. 43, 45, 64.

[9] Attorney Fuller's supplemental filing is single-spaced and not supported by a memorandum of law, in violation of Local Rules 1.05(a) and 3.01(b). In order to resolve the pending motion as soon as practicable, I will not strike the supplemental memorandum. However, the presiding district judge may, in

## II.     ANALYTICAL STANDARD.

Section 768.79, Florida Statutes, was enacted to deter parties from rejecting presumably reasonable settlement offers by imposing sanctions through costs and attorney's fees.  *Se. Floating Docks, Inc. v. Auto-Owners Ins. Co.*, 82 So. 3d 73, 79 (2012) (citing *Attorneys' Title Ins. Fund, Inc. v. Gorka,* 36 So.3d 646, 649 (Fla. 2010) (per curiam)).

> According to section 768.79, a court is required to award reasonable costs and fees to a defendant when two conditions are satisfied: (1) the defendant files an offer of judgment that is not accepted by the plaintiff within thirty days, and (2) the final judgment is either one of no liability or is at least twenty five percent less than the defendant's offer to the plaintiff.  The mandatory language used by the Legislature—i.e., "the defendant *shall* be entitled . . . the court *shall*"—is reflective of an intentional policy choice to limit judicial discretion in the award of attorney's fees.  Thus, section 768.79 provides courts with a "simple, arithmetic, calculation" to determine an award of costs and fees."

*Id.* at 79 (citation omitted) (quoting *TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 611 (Fla. 1995)).

Section 768.79 and Florida Rule of Civil Procedure 1.442 provide requirements for the form of a proposal for settlement and the time for serving the proposal.  The Florida Supreme Court has held that section 768.79 creates a substantive right to attorney's fees upon the satisfaction of these conditions.[10]   *Id.* at 82.  Section 768.79 is also substantive for purposes of *Erie* and is, therefore, applicable in this case, which is based on the Court's diversity jurisdiction. *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), *modified in part by* 311 F.3d 1077 (11th Cir. 2002).

---

his discretion, decline to consider this improper filing.

[10] The parties agree that Florida law controls the substantive matters in this case.  Doc. No. 41, at 8.

**III.  ANALYSIS.**

There is no dispute that the Judgment in this case was a finding of no liability by Defendant. Therefore, an award of attorneys' fees under section 768.798 is appropriate if Defendant complied with the requirements of that statute and Rule 1.442.  Accordingly, in this Report and Recommendation, I will first address whether the Proposal for Settlement was properly served.  I will next discuss whether the Proposal for Settlement was timely served under Florida law.  Thereafter, I will discuss whether the Proposal for Settlement was in the proper form. Finally, I will address the amount of attorneys' fees to be awarded under section 768.79.

  A.  *The Offer of Settlement Was Properly Served on Plaintiff.*

In response to the motion, Attorney Fuller first asserts that Defendant did not properly serve Plaintiff with the Proposal for Settlement.  Doc. No. 73, at 1.  This argument is not supported by the facts of record.

At the time that Defendant filed the Notice, this Court's Administrative Procedures for Electronic Filing, section I.D.4, provided as follows:

> 4. <u>Change of Attorney's Contact Information</u>: If an attorney's e-mail address, mailing address, telephone number, or fax number changes, the attorney shall immediately change the contact information at www.flmd.uscourts.gov.

U.S. DIST. COURT, MIDDLE DIST. OF FLA., ADMINISTRATIVE PROCEDURES FOR ELECTRONIC FILING IN CIVIL AND CRIMINAL CASES 2 (2007), *available at* http://www.fedbar.org/Chapters/Tampa-Bay-Chapter/Updated-Administrative-Procedures-for-Electronic-Filing-in-the-Middle-District-of-Florida.aspx?FT=.pdf (last visited Feb. 1, 2016).[11]  Because Attorney Fuller's email address of record in CM/ECF as of May 27, 2015, was afuller@boginmunns.com, Doc. No. 23, NEF, Defendant properly served the Notice on Attorney Fuller at that email address of record.

---

[11] The Administrative Procedures for Electronic Filing were subsequently amended on June 5, 2015.

Similarly, the Proposal for Settlement and Settlement Agreement were properly served on Attorney Fuller at her CM/ECF email addresses of record because she necessarily consented to service of all documents in this case by email when she electronically filed the complaint in Florida Circuit Court.  *See supra* n.1.

There is no evidence that Attorney Fuller told Attorney Stokes on or before May 27, 2015, that she had left Bogin, Munns & Munns and, accordingly, Attorney Stokes was permitted to rely on the contact information provided by Attorney Fuller in the original complaint and shown on this Court's docket in serving the Proposal for Settlement and Settlement Agreement on Attorney Fuller at her email addresses of record.  *See Dickson v. Homeowner Mortg. of Am., Inc.,* No. 1:10-cv-3615-RWS, 2012 WL 2012819, at *2 (N.D. Ga. June 5, 2012).   Attorney Fuller cannot now properly complain that she did not receive documents sent to her contact information of record because the failure to update that contact information is solely her fault.  *Id.* (finding that any lack of notice of filings with the Court that counsel may have experienced due to his own failure to update his contact information with the Court is solely the fault of counsel and does not constitute excusable neglect).

Finally, Attorney Fuller admits that she actually received the Proposal for Settlement and Settlement Agreement by email transmission from Bogin, Munns & Munns at 3:15 p.m. on June 26, 2015, which was before the response to the Proposal for Settlement was due.   Attorney Fuller does not aver that she took any action to seek an enlargement of time to respond to the Proposal for Settlement, as would have been permitted under Florida law.  *Cf. Three Lions Constr., Inc. v. Namm Grp., Inc.*, No. 3D14-880, 2015 WL 4464494, at *1 (Fla. 3d Dist. Ct. App. July 22, 2015) (finding that Defendant did not properly seek an enlargement of time to respond to proposal for settlement because Plaintiff did not agree to an extension and Defendant did not seek an expedited

ruling on a motion for extension of time by setting a hearing on the motion before the expiration of the time for acceptance of the offer).

For all of these reasons, I recommend that the Court find that the Proposal for Settlement and Settlement Agreement were properly served on Plaintiff, through his attorney, on May 27, 2015.

    B.    *The Proposal for Settlement Was Timely.*

Florida Rule of Civil Procedure 1.442 requires that a Proposal for Settlement be served on a plaintiff no earlier than ninety days after the action has been commenced and no later than forty-five days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier. This action was commenced in Florida Circuit Court with the filing of the complaint on May 14, 2014, and the present case was opened when the Notice of Removal was filed on June 9, 2014. The Proposal for Settlement was served on May 27, 2015, which is more than ninety days after the state court action was commenced and after the federal case was opened. The case was initially set for trial on the October 5, 2015 trial term and subsequently noticed to begin on October 20, 2015. The Proposal for Settlement was served on May 27, 2015, which was more than forty-five days from the beginning of the October 5, 2015 trial term. Therefore, I recommend that the Court find that the Proposal for Settlement was timely served.

    C.    *The Proposal for Settlement Is in the Proper Form.*

Section 768.79(2) sets forth the following requirements regarding the form of a proposal for settlement:

An offer must:

(a)    Be in writing and state that it is being made pursuant to [section 768.79].

(b)    Name the party making it and the party to whom it is being made.

    (c)    State with particularity the amount offered to settle a claim for punitive damages, if any.

    (d)    State its total amount.

Rule 1.442(c)(2)(B)–(G) also require that a proposal for settlement do the following:

    (B)    state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);

    (C)    state with particularity any relevant conditions;

    (D)    state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;

    (E)    state with particularity the amount proposed to settle a claim for punitive damages, if any;

    (F)    state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim, and

    (G)    include a certificate of service in the form required by rule 1.080.[12]

In this case, the Proposal for Settlement complies with these requirements. It is in writing, and it states that it was made pursuant to section 768.79, Florida Statutes. Doc. No. 71-1, at 3. It states that the Proposal for Settlement was made by Defendant, Amica Mutual Insurance Company, to Plaintiff, Nicholas Sindicich. *Id.* It states that the Proposal for Settlement was intended to "resolve any and all claims the Plaintiff may have against the Defendant to include, without limitation, any claims for attorneys' fees or costs, which the Plaintiff may have against the Defendant in connection with the subject matter of the above-styled action." *Id.* It further states that "[t]here are no relevant conditions to this Proposal for Settlement other than those set forth

---

[12] The United States Court of Appeals for the Eleventh Circuit has held that Rule 1.442(c)(2)(G) is procedural for *Erie* purposes and therefore does not apply in federal court. *Horowitch v. Diamond Aircraft Indus.*, 645 F.3d 1254, 1258 (11th Cir. 2011).

within this Proposal and Florida Statutes § 768.79." *Id.* at 4. It states that the amount of the Proposal for Settlement is $29,000 "for the full and final settlement of the above-styled action, to include any claims for attorneys' fees and costs, whether or not the Plaintiff considers attorneys' fees and costs to be a part of Plaintiff's legal claim, as well as any and all other claims which the Plaintiff may have, to include any claims for punitive damages, which in any way arise out of the incident which is the subject of the above-styled action." *Id.* It sets forth the non-monetary terms of the Proposal for Settlement, specifically including a full release of claims by Plaintiff against Defendant (with a copy of the proposed release attached). *Id.* at 4-5, 7-13. It contains the required certificate of service. *Id.* at 6.

Attorney Fuller's only objection to the form of the Proposal for Settlement is that it does not state with particularity the amount offered to settle a claim for punitive damages and PIP benefits. There was no claim for punitive damages or PIP benefits in this case and, therefore, the Proposal for Settlement did not require a statement regarding the amount offered to settle these claims. *Lucas v. Calhoun*, 813 So. 2d 971, 973 (Fla. 2d Dist. Ct. App. 2002). Moreover, in *McMahan*, the Eleventh Circuit found that a proposal for settlement that did not explicitly mention punitive damages was valid because it stated that, if accepted, the proposal for settlement would be in full and final resolution of all claims made in the action. 311 F.3d at 1082. The Proposal for Settlement in the present case states that, if accepted, it would resolve any and all claims Plaintiff may have against Defendant in connection with the subject matter of this case, including any claims for punitive damages. Doc. No. 71-1, at 3-4. I recommend that the Court find that this language is sufficient to comply with section 768.79 and Rule 1.442.

D.     *Amount of Attorney's Fees to Be Awarded.*

If the Court accepts the foregoing recommendations, Defendant is entitled to attorney's fees for the period beginning on the date of service of the Proposal for Settlement, May 27, 2015.[13]  *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1373 (M.D. Fla. 2010).  In resolving the amount of attorney's fees to be awarded, this Court generally follows the familiar lodestar method to determine what constitutes a reasonable attorneys' fee.  *Id.* (citing *Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985)).

In determining the reasonable hourly rate, Florida law looks to subjective factors, as set out by the Florida Rules of Professional Conduct, Rule 4-1.5, and six similar factors set out by section 768.79.  *Id.* at 1374 (citing *Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 213 (Fla. 2003) (per curiam)).  The party seeking fees had the burden of documenting both the reasonable rates and the reasonable number of hours worked.  *Id.* at 1375.   A statute imposing a penalty, such as section 768.79, must be strictly construed in favor of the one against whom the penalty is imposed.  *Sarkis*, 863 So. 2d at 223.

Accordingly, I will first discuss the reasonable hourly rates for the professionals identified by Defendant and Plaintiff's objections to those rates.  I will then address the reasonable number of hours worked in light of Plaintiff's objections.

### 1.     **Reasonable Hourly Rates**.

Defendant seeks $165.00 per hour for the work performed by Attorneys Brian D. Stokes, Tara N. Tamoney, and Brian T. Dunmire and a rate of $85.00 per hour for the work performed by

---

[13] Section 768.79 does not give the trial court discretion to deny attorneys' fees once the prerequisites of the statute have been fulfilled unless the court determines that the offer was not made in good faith.  *Dvorak*, 663 So. 2d at 610–11.  Plaintiff does not argue that the Proposal for Settlement was not made in good faith.  In light of the jury's verdict in comparison to the amount offered in the Proposal for Settlement, there is no reason to conclude that the Proposal for Settlement was not made in good faith.

paralegal Debra M. Sumpter.   Doc. No. 71-1, at 20-21.   Attorney Stokes, a partner with his law firm, graduated from the University of Florida Levin College of Law in 1984.   He holds an AV rating with Martindale Hubbell, and he is board certified in civil trial law.   Alvarez, Winthrop, Thompson & Storey, P.A., *Brian D. Stokes*, http://www.awtspa.com/?t=3&A=4459&format= xml&p=4622 (last visited Jan. 29, 2016).   Attorney Tamoney, an associate in Attorney Stokes's law firm, graduated from the Suffolk University Law School in 2007.   Doc. No. 85, at 14. Attorney Dunmire, also an associate with the law firm, graduated from the Florida State University College of Law in 2012.   *Id.* at 15.

Defendant supported its fee request with the Expert Affidavit of Roberto Santoni, Esq. Doc. No. 71-1, at 37-40.   Attorney Santoni has been licensed to practice law in Florida since 2007.   *Id.* at 37 ¶ 2.   His practice has included civil litigation in this Court and in state courts. *Id.* at 39-40.   Attorney Santoni avers that that he is familiar with the Florida Supreme Court's guidelines for establishing reasonable attorney's fees and that he is familiar with the prevailing market rates charged in the community.   *Id.* at 37-38 ¶¶ 3, 5.   He further attests that he has reviewed the pleadings, motions, depositions, correspondence and billing records pertaining to this case.   *Id.*   He opined that $165.00 per hour for the work of Defendant's attorneys is at, if not below, the prevailing market rates in this community.   *Id.* at 38 ¶ 5.

Additionally, Florida courts recognize that "[p]erhaps the strongest and best evidence of an attorney's market rate is the hourly rate he/she charges clients."   *Smith v. Sch. Bd. of Palm Cty.*, 981 So. 2d 6, 9 (Fla. 4th Dist. Ct. App. 2007) (citing *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (per curiam)).   Attorney Stokes avers that each attorney billed Defendant at the rate of $165.00 per hour, which hourly rate Defendant paid.   Doc. No. 71-1, at 20 ¶ 3; Doc. No. 85, at 2.

Plaintiff objects that it cannot be reasonable to charge the same hourly rate for all of Defendant's lawyers because of the significantly different length of time each of them has worked as a lawyer and their different levels of experience. Plaintiff is correct to the extent that the reasonable hourly rate for Attorney Stokes, who has been practicing law for more than thirty years and is a board certified civil trial attorney, and Attorney Tamoney, who has been practicing law for approximately eight years, would be higher than $165.00 per hour. *See, e.g., Travelers Home & Marine Ins. Co. v. Calhoun*, No. 5:13-cv-251-Oc-22PRL, 2014 WL 1328968, at *4 (M.D. Fla. Apr. 2, 2014) (finding $350.00 per hour reasonable for an attorneys with eleven to fifteen years of experience and $200.00 per hour reasonable for an attorney with more than four years of experience). These attorneys cannot be faulted for agreeing to charge their client less than the reasonable hourly rate they might otherwise receive. Therefore, I recommend that the Court overrule this objection and find that $165.00 per hour is a reasonable hourly rate for the work of Attorneys Stokes, Tamoney and Dunmire.

Attorney Santoni also attests that $85.00 per hour is at, if not below, the reasonable hourly rate for the work of paralegals in this community. Doc. No. 71-1, at 38 ¶ 5. Plaintiff objects that the work of a paralegal is noncompensable overhead. This objection is incorrect as a matter of law. A court may award attorneys' fees for work performed by a paralegal if the work is of the type typically performed by lawyers. *Jean v. Nelson*, 863 F. 2d 759, 778 (11th Cir. 1988); *State Farm Mut. Auto. Ins. Co. v. Edge Family Chiropractic, P.A.*, 41 So. 3d 293, 296–97 (Fla. 1st Dist. Ct. App. 2010). Accordingly, I recommend that the Court overrule this objection and find that $85.00 per hour is reasonable for the legal work performed by Paralegal Sumpter.

**2.     Reasonable Number of Hours**.

When the motion was filed, Defendant sought fees for 150.3 hours of work by its lawyers and 21.5 hours of work by its paralegal.[14]   Doc. No. 71-1, at 20 ¶ 3.

Plaintiff objects that 1.4 hours worked by Attorney Tamoney and 27 hours worked by Attorney Dunmire were unreasonable because it was unnecessary in an auto accident case to use the services of more than one lawyer.   Doc. No. 84, at 1.   Plaintiff provides no legal or evidentiary support for this objection.   After review of the billing records for the period beginning May 27, 2015, I find no unreasonable duplication of effort among the attorneys on the case and that the hours worked on the tasks listed were reasonable.   *See* Doc. No. 71-1, at 22-36; Doc. Nos. 84-2, 84-3, 84-4, 84-6.   Therefore, I recommend that the Court overrule this objection.

Plaintiff also objects that time worked by associate attorneys is included in the Bill of Costs, which has been taxed.   The Bill of Costs does not reflect a charge for the work of attorneys.   Doc. Nos. 72, 74.   Additionally, counsel for Defendant responded that $518.00 included in the Bill of Costs was the fee charged by Attorney Santoni as an expert witness, not for the work of associate attorneys.   Doc. No. 85, at 3; Doc. No. 72, at 14.   An expert witness fee is a taxable cost under section 768.79.   *Arnoul v. Busch Entm't Corp.*, No. 8:07-cv-1490-T-24MAP, 2008 WL 5341148, at *4 (M.D. Fla. Dec. 19, 2008).   Therefore, I recommend that this objection also be overruled.

As discussed above, Plaintiff also objects generally to paying for the work performed by a paralegal, but Plaintiff asserts no specific objection to the reasonableness of the hours worked.

---

[14] The time sheets reflect that Attorney Stokes worked 124.4 hours and Paralegal Sumpter worked 38.9 hours during this period.   Doc. Nos. 84-2, 84-3, 84-4, 84-6.   I construe the discrepancy between the time sheets and the motion to reflect the exercise of billing judgment, including exclusion of time Paralegal Sumpter worked on clerical tasks.   *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

After review of the timesheets, I find that Defendant has exercised billing judgment by excluding from the fees requested for Paralegal Sumpter's work time that was devoted to clerical tasks, such as communications with a process server, communications with the Court regarding audio/visual equipment and preparing email transmission communications. Therefore, I recommend that the Court find that 21.5 hours worked by Paralegal Sumpter were spent on work traditionally done by an attorney, particularly in the absence of specific objection to any of these hours worked, and that these hours were reasonable.

Plaintiff does not specifically object to any of the 121.9 hours worked by Attorney Stokes during the period May 27, 2015 through November 30, 2015, when the above-referenced motion was filed. Defendant subsequently requested fees for 14.7 hours of additional work performed by Attorney Stokes after the motion was filed. Doc. No. 78, at 6-8; Doc. No. 84-6; Doc. No. 85, at 7, 9-15. "The Florida Supreme Court has held that, while attorney's fees incurred for litigating the issue of entitlement to attorney's fees are recoverable, fees incurred for litigating the amount of attorney's fees are not." *McMahan*, 311 F.3d at 1086 (citing *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993)). Because Plaintiff disputed Defendant's entitlement to fees, Defendant is entitled to the reasonable hours worked on the issue of entitlement. Review of the time sheets reflects that the work performed by Attorney Stokes on January 19, 2016 (1.6 hours), January 22, 2016 (0.3 hours) and January 25, 2016 (2.8 hours) pertained to litigation on the amount of fees to be awarded, not the issue of entitlement. Doc. No. 85, at 12. Therefore, I recommend that the Court find that these 4.7 hours are not compensable. Accordingly, I recommend that the Court find that Attorney Stokes reasonably worked 131.9 hours.[15]

---

[15] Computed as follows: 121.9 hours worked between May 27, 2015 and November 30, 2015 + 10.0 hours worked after November 30, 2015 (14.7 hours – 4.7 hours) = 131.9 hours.

### 3. Lodestar Attorneys' Fees.

If the Court adopts the recommendations stated above, the lodestar attorneys' fees would be as follows:

| Professional | Hourly Rate | Reasonable Number of Hours | Total |
|---|---|---|---|
| Brian Stokes, Esq. | $165.00 | 131.9 | $21,763.50 |
| Tara Tamoney, Esq. | $165.00 | 1.4 | $231.00 |
| Brian Dunmire, Esq. | $165.00 | 27.0 | $4,455.00 |
| Paralegal Debra Sumpter | $85.00 | 21.5 | $1,827.50 |
| **TOTAL FEES:** | | | $28,277.00[16] |

Plaintiff objects to paying Defendant more than the fees it paid to its attorneys. Plaintiff is correct that that Court should not award a fee that exceeds the amount payable under the fee agreement reached by the attorney and his client. *Rowe*, 472 So. 2d at 1151; *Foodtown, Inc. of Jacksonville v. Argonaut Ins. Co.*, 102 F.3d 483, 485 (11th Cir. 2010) (per curiam) (observing that the fee agreement establishes the maximum amount that the court can award, and citing *Rowe*). Defendant has not presented evidence of the terms of the fee agreement. Under these circumstances, I recommend that the Court find that the amount Defendant actually paid is the maximum amount agreed to by the parties pursuant to their fee agreement. In the supplemental reply memorandum, Attorney Stokes states that Defendant has paid his law firm $28,308.00. Doc. No. 85, at 2. Because the lodestar attorneys' fee is less than the amount paid, I recommend that this objection be overruled.

---

[16] Attorney Santoni opined that all of the fees for work by attorneys and the paralegal through November 25, 2015 (when he prepared his affidavit) were reasonable. Doc. No. 71-1, at 37 ¶ 3. As discussed above, the additional hours not included in Attorney Santoni's opinion is for compensable work performed after his affidavit was prepared.

**IV.    RECOMMENDATION.**

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part** the Motion of Defendant, Amica Mutual Insurance Company, to Tax Attorney's Fees Pursuant to Florida Statute Section 768.79 against Plaintiff (Doc. No. 71) and **AWARD** Defendant $28,277.00 in attorney's fees to be paid by Plaintiff.[17]

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 1, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[17] Federal Rule of Civil Procedure 58(a)(3) states that a separate document in the form of a judgment is not required for an order disposing of a motion for attorney's fees.  Nevertheless, if Defendant wishes the attorneys' fees to be included in an amended judgment, it may make that request to the presiding district judge within the time permitted for filing objections to this Report and Recommendation.