**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

NICHOLAS SINDICICH,

        Plaintiff,

v.                                      Case No. 6:14-cv-889-Orl-37KRS

AMICA MUTUAL INSURANCE
COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Motion of Defendant, Amica Mutual Insurance Company, to Tax Attorney's Fees Pursuant to Florida Statute Section 768.79 Against Plaintiff and Combined Memorandum of Law in Support Thereof (Doc. 71), filed November 30, 2015;

2. Objection to Defendant, Amica Mutual Insurance Company's, Motion to Tax Attorney Fees Pursuant to Florida Statute Section 768.79 Against the Plaintiff, Nicholas Sindicich (Doc.73), filed December 15, 2015;

3. Defendant's Reply Memorandum of Law in Response to Plaintiff's Objection to Motion to Tax Attorney's Fees (Doc. 78), filed December 23, 2015;

4. Plaintiff's Supplemental Response to the Defendant's Motion to Tax Attorney Fees & Costs (Doc. 84), filed January 22, 2016;

5. Defendant's Supplemental Reply Memorandum of Law in Response to Plaintiff's Supplemental Response to the Defendant's Motion to Tax Attorney's Fees and Costs (Doc. 85), filed January 26, 2016;

6. U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 86), filed February 1, 2016;

7. Plaintiff's Objections to Magistrate Judge's Report and Recommendations (Doc. 89), filed February 16, 2016;

8. Defendant, Amica Mutual Insurance Company's, Memorandum of Law in Opposition to Plaintiff's Objections to Magistrate Judge's Report and Recommendations (Doc. 90), filed February 25, 2016; and

9. Motion of Defendant, Amica Mutual Insurance Company, for Entry of Final Judgment Awarding Attorney's Fees; Alternative Motion to Amend Final Judgment to Include Award of Attorney's Fees and Combined Memorandum of Law in Support Thereof (Doc. 87), filed February 11, 2016.

Upon consideration, the Court finds that Plaintiff's objections are due to be overruled, the Report and Recommendation is due to be adopted, the motion for attorney fees is due to be granted in part and denied in part, and the motion for entry of judgment is due to be granted.

## BACKGROUND

On March 14, 2014, Plaintiff initiated the instant action in state court against his insurer to recover uninsured/underinsured motorist benefits following a car accident with an underinsured tortfeasor. (Doc. 2.) Defendant subsequently removed the action on the basis of diversity jurisdiction. (Doc. 1.) On May 27, 2015, Defendant electronically served Plaintiff at afuller@boginmunns.com, bmmservice@boginmunns.com, and mkpaasch@boginmunns.com with a settlement proposal in the amount of $29,000, ("**Proposa**l"). (Doc. 73-1.) Pursuant to Florida Statute § 768.79, Plaintiff had thirty days

to accept the Proposal. He did not accept the Proposal within this time. (Doc. 86, p. 5.)

In October of 2015, the case went to trial and the jury awarded Plaintiff a total of $1,041.20 in damages for lost medical expenses.[1] (*See* Docs. 55, 58, 63.) Before trial, the parties agreed that Defendant was entitled to set off the jury award by $10,000—the amount paid to Plaintiff by the tortfeasor's liability insurer. (Doc. 41, p. 8.) Thus, after trial, the Court reduced Plaintiff's damages to zero and entered judgment in favor of Defendant. (Doc. 69.)

Defendant then moved for attorney fees for the hours reasonably and necessarily expended after the date of service of the Proposal. (*See* Doc. 71 ("**Motion**").) Plaintiff opposed, arguing that Defendant's Proposal did not meet the requirements of Florida Statute § 768.69. (Doc. 73 ("**Initial Response**").) Specifically, Plaintiff contended that: (1) Defendant sent the Proposal to the email addresses associated with the prior law firm of Plaintiff's attorney, despite knowledge that Plaintiff had switched law firms; (2) the Proposal failed to state what portion of the offer was for punitive damages; and (3) the Proposal failed to state whether the settlement offer included personal injury protection ("**PIP**") benefits. (*Id.*) After seeking leave of Court, Defendant replied (Doc. 85). Upon further Court Order (Doc. 81), the parties also submitted supplemental briefing regarding the amount of the attorney fees requested. (Docs. 84, 85.)

U.S. Magistrate Judge Karla R. Spaulding subsequently issued a detailed, eighteen-page Report recommending that this Court grant the Motion in part. (Doc. 86 ("**R&R**").) Plaintiff objected (Doc. 89 ("**Objections**")), and Defendant responded in

---

[1] The jury also found that Plaintiff: (1) did not sustain any damages for past lost earnings; and (2) did not sustain a permanent injury as a result of the subject car accident. (Doc. 63.)

opposition to Plaintiff's Objections (Doc. 90). The matter is ripe for the Court's adjudication.

## STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## DISCUSSION

Based on affidavits and other record evidence submitted by the parties, the R&R concludes that: (1) Defendant sent the Proposal to the email address designated by Plaintiff's attorney on CM/ECF as of May 27, 2015, and filed a notice of service with the Court that same day (Doc. 86, pp. 1 n.1, 4–5, 7; *see also* Doc. 23); (2) Plaintiff's attorney did not change her email address of record on CM/ECF until after Defendant had served the Proposal (Doc. 86, p. 4); (3) Defendant was not told when Plaintiff's attorney intended to change law firms and did not know that Plaintiff's attorney did not receive the Proposal at the email addresses served (*id.* at 2, 3 n.5); and (4) although Plaintiff's attorney avers that she did not receive the Proposal until June 26, 2015—the thirtieth day after service— Plaintiff did not accept the Proposal at that time, nor did he move for an extension of time to respond to the Proposal (*id.* at 5). As such, Magistrate Judge Spaulding recommends that the Court make the following findings: (1) that the Proposal was properly served on

4

Plaintiff, through his attorney, on May 27, 2015; (2) that the Proposal was timely served; (3) that it was unnecessary for the Proposal to include a statement regarding the amount offered for punitive damages or PIP benefits, as Plaintiff did not claim these damages during litigation; and (4) that the lodestar attorney fee for the hours reasonably worked multiplied by the respective reasonable hourly rates is $28,277.00. (*Id.* at 7–17.) Consequently, Magistrate Judge Spaulding recommends that the Court award Defendant $28,277.00 in attorney fees. (*Id.* at 18.) Plaintiff's Objections merely reiterate the arguments made in his Initial Response to the Motion. (*See* Doc. 89.)

Pursuant to 28 U.S.C. § 636(b)(1), the Court conducted an independent*,* de novo review of the entire record and the requirements for offers of judgment and proposals for settlement set forth in Florida Statute § 768.79 and Florida Rule of Civil Procedure 1.442. Upon consideration, the Court agrees with Magistrate Judge Spaulding's thorough and comprehensive R&R and finds that the Objections are not well-founded. The Objections are, therefore, due to be overruled, and the R&R is due to be adopted in full. Consequently, the Court will grant Defendant's motion for entry of final judgment awarding attorney's fees. (Doc. 87.)

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Objections to Magistrate Judge's Report and Recommendations (Doc. 89) are **OVERRULED**.

2. U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 86) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Motion of Defendant, Amica Mutual Insurance Company, to Tax Attorney's

    Fees Pursuant to Florida Statute Section 768.70 against Plaintiff and Combined Memorandum of Law in Support Thereof (Doc. 71) is **GRANTED IN PART and DENIED IN PART**.

    a. The Court finds that an award of $28,277.00 is reasonable.

    b. In all other respects, the Motion is **DENIED**.

4. Motion of Defendant, Amica Mutual Insurance Company, for Entry of Final Judgment Awarding Attorney's Fees, Alternative Motion to Amend Final Judgment to Include Award of Attorney's Fees and Combined Memorandum of Law in Support Thereof (Doc. 87) is **GRANTED**.

5. The Clerk is **DIRECTED** to enter judgment in favor of Defendant Amica Mutual Insurance Company and against Plaintiff Nicholas Sindicich in the amount of **$28,277.00** for attorney fees.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 1, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record